Day, J.
The case in the common pleas court, as appears from the averments of an amended petition filed there, was under the provisions of sec. 0344, Rev. Stat., and was brought for the purpose of avoiding a conveyance or assignment of property by Meyer Kohn to Julius Leon, because, as averred in the *101 amended petition, the said transfer was made without coxxsideration, and with intent to hinder, delay axxd defraud creditors.
Axx answer to the amended petition is filed by defendant, Julius Leon, which shows in substance that the assignment averred was made, not ixx fraud of creditors, but for the benefit of creditors; that the deed of assignment was ixx due form duly executed and delivered; that it was filed in the Probate Court of Hancock county long before-this action was begun; that the assignee named, qualified as such assignee by giving the bond fixed and required by the said probate court, axxd was proceeding, under the provisions of the statute, ixx the probate court, to administer the trust under the direction axxd guidaxxce of said court, by reason of which facts it is claimed plaintiffs are not entitled to maintain their suit in the common pleas or in this court. There is xxo reply to the answer, axxd the facts therein averred are coxxceded to be true.
A general demurrer to the amended petition was, we think, properly overruled. The demurrer was not well taken. The facts stated éasily constituted a cause of action entitling plaintiffs to the relief prayed, if established on the trial. The question sought to be raised by the demurrer, is not raised, for the reason the. amended petition does.not show the necessary fact that the transfer, sought to be avoided, was a general assigxxmexxt for the benefit of all creditors, axxd then being actively carried into effect in the probate court. This omission, or rather additional fact, is supplied by the answer, which makes the.statement that the conveyance ixx question was a gexxeral assignment, made by Kohn, an ixxsolvent debtor, for the benefit of all his creditors, filed ixx the probate court axxd being carried into effect ixx that court uxxder axxd in pursuance to law. This additioxial statement of fact is not denied, but is conceded to be . true, so that the essential facts are undisputed.
*102 The question presented is one of jurisdiction, pure and simple.' Under the facts appearing, has the common pleas court jurisdiction to hear and determine the matter? Has ’ not the probate court rather exclusive jurisdiction and full power to settle and determine all conflicting claims of title, liens and priorities, and all questions likely to arise in executing the trust created by the assignment? We think in this state the question is no longer an open one. By express provision of the statute and repeated decisions of the court of last resort, it seems to us the question is definitely and properly settled. We deduce the rule to be, and it seems - to be of universal application, that in every case of an assignment, which, on its face, is a general assignment, by an insolvent or failing debtor, of all his property to an assignee, in trust for the use and benefit of all the creditors of the debtor, and the deed of assignment is filed in the proper probate court, and the trust is being administered and carried into effect in that court, for the benefit of all the creditors, in accordance with the provisions of law, the probate court is’possessed of exclusive jurisdiction, and is clothed with full power and right to hear and determine all questions properly arising. The filing of the instrument of assignment in the probate court invokes its jurisdiction which, by the law, instantly attaches and excludes the jurisdiction of every other court. It follows that all claimants of liens, rights and interest in the subject-matter of the assignment, of whatsoever character, are required to make their contention in the probate court, and submit to that court all questions and claims arising or growing out of the matter, for its consideration and determination.
If the conclusion reached is correct, then the facts disclosed in the answer, and conceded to be true, constitute a complete-defense to plaintiff’s action, making it clear that it has been instituted in the wrong court. Under the facts and circumstances appearing, the common pleas court is without *103 jurisdiction of the case. That is in the Probate Court of Hancock county, to which forum plaintiffs must take their contention if they desire to have it adjudicated by a competent tribunal.
Geo. H. Phelps, for plaintiffs.
Boss & Kinder, Pendleton & Whiteley, for defendants.
The demurrer to the amended petition is not allowed. There will be a finding for defendant Leon on the pleadings, and the petition dismissed. The plaintiffs are directed to pay all costs.